IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIAM HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 09-cv-0672-MJR-DGW |
| | ) | |
| SECURITAS SECURITY SERVICES USA, | ) | |
| TANISHA GRANT and DON BARNETT, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER

Reagan, District Judge:

A.   Introduction and Procedural Background

In July 2009, William Hill sued his former employer (Securitas Security Services USA) and one of his managers at Securitas (Tanisha Grant) in Illinois state court. Hill's five-count complaint contained three claims against Securitas and two claims against Grant, summarized as follows.

Securitas discharged Hill in retaliation for his exercise of rights under the Illinois workers' compensation statute (Count I). Securitas discharged Hill in retaliation for reporting illegal activity in the workplace, specifically violent threats and a physical attack on Hill by his coworker Don Barnett (Count II). Securitas negligently hired, retained, trained, and supervised Barnett (Count III). Grant acted with malice and personal animosity toward Hill in firing him despite his reasonable expectation of continued employment (Count IV). Grant, with full knowledge of Barnett's violent

propensities and other "unfitness for his position," breached her duty of reasonable care in supervising, training and retaining employee Barnett (Count V).

Securitas timely removed the case to this United States District Court in late August 2009, invoking subject matter jurisdiction under the federal diversity statute, 28 U.S.C. § 1332. Section 1332 requires that the parties be completely diverse and that the matter in controversy exceed $75,000, exclusive of interest and costs. *LM Ins. Corp. v. Spaulding Enterprises Inc.*, 533 F.3d 542, 547 (7th Cir. 2008). The record disclosed Hill as an Illinois citizen, Securitas as a citizen of Delaware and California, and Grant as a Missouri citizen.[1]

On September 14, 2009, Hill moved for leave to amend his complaint. Before the Court ruled on that motion, Securitas moved to dismiss all five counts of the *original* complaint for failure to state a claim or for summary judgment on all claims. On October 8, 2009, Magistrate Judge Wilkerson denied as moot Hill's motion for leave amend the complaint, stating that Federal Rule of Civil Procedure 15(a)(1) permitted Hill to amend his complaint without leave of court or the consent of Defendants. Hill then filed his First Amended Complaint (Doc. 21), adding new claims and an additional Defendant (Barnett, the Securitas employee who allegedly physically attacked, assaulted and battered Hill in the June 2008 incident underlying this lawsuit).

---

[1] Grant was not served as of the date of removal, but counsel entered an appearance and moved for additional time to answer the complaint on her behalf (Docs. 5, 6).

The filing of the amended complaint rendered moot Securitas' motion directed against the original complaint (see Doc. 22), but three other motions are pending before the Court. On September 24, 2009, Plaintiff Hill moved to remand the case based on the addition of non-diverse Defendant Barnett (Doc. 18). That motion is fully-briefed and ripe for disposition.

One month later, Defendant Securitas moved to dismiss (or for summary judgment on) the amended complaint and separately moved to strike Count VI of the amended complaint (Docs. 26-29). Pursuant to Local Rule 7.1 of this Court, Electronic Filing Rule 3 of this Court, the Federal Rules of Civil Procedure, and an extension granted by the undersigned Judge, Plaintiff has until December 30, 2009 to respond to the dismissal/summary judgment motion and the motion to strike. Defendant's arguments in the motion to strike overlap with the issues involved in Plaintiff's remand motion and have been considered by the Court. However, the Court can rule on the remand motion without awaiting further briefing on the October 27th dispositive motions.

B. <u>Analysis</u>

28 U.S.C. 1441 authorizes the removal of any civil action brought in state court over which the federal district courts enjoy original jurisdiction. *See, e.g., In re Safeco Ins. Co. Of America*, 585 F.3d 326, 330 (7th Cir. 2009). Removal here was predicated on the diversity statute, 28 U.S.C. 1332, which confers jurisdiction where the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. Several propositions guide this Court's analysis.

First, as to cases removed from state court, the defendant (as the party seeking the federal forum) bears the burden of establishing the that federal jurisdiction lies. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009)("The party seeking removal has the burden of establishing federal jurisdiction."). *Accord Smart v. Local 702 International Brotherhood of Electrical Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009)("the party seeking to invoke federal jurisdiction bears the burden of demonstrating that the requirements ... are met"); *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)("The removing party, as the proponent of federal jurisdiction, bears the burden" of showing that jurisdiction lies).

Second, although "diversity jurisdiction provides a neutral forum for lawsuits, ... federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur,* 577 F.3d at 758, *citing Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

Additionally, the United States Court of Appeals for the Seventh Circuit has clarified the standard that applies when parties contest the amount in controversy. In *Meridian Security Insurance v. Sadowski,* 441 F.3d 536, 543 (7th Cir. 2006), the Court announced that if material factual allegations regarding jurisdiction are contested, the party seeking the federal forum must prove those facts by a preponderance of the evidence. Once the facts have been established, jurisdiction-based dismissal (or remand) is appropriate only if it is "legally certain" that the recovery (from plaintiff's perspective) or the cost of complying with the judgment (from defendant's perspective)

will be less than the jurisdictional floor. *LM Ins.*, 533 F.3d at 547, *quoting Sadowski*, 441 F.3d at 543. With those principles in mind, the Court turns to the motion in the instant case.

Plaintiff Hill challenges both the existence of complete diversity and the necessary amount in controversy. The Court first addresses the question of complete diversity and does not reach the amount in controversy. Resolution of the diversity issue depends on whether Don Barnett (an Illinois citizen) was properly added as a Defendant via the amended complaint filed on October 12, 2009, or should be joined under 28 U.S.C. 1447(e).

Securitas opposes remand (and moves to strike Count VI of the amended complaint) on the grounds that Barnett was not properly joined as a Defendant. Indeed, Securitas characterizes Barnett's addition to the case as a "contrivance" designed only "to undermine subject matter jurisdiction" and "frustrate Defendant's removal of this action" (Doc. 28, p. 1; Doc. 29, p. 2).

Securitas correctly notes that when a plaintiff asks to join a non-diverse defendant, a district court has two options – (1) deny joinder and retain the case in federal court or (2) permit joinder and remand the case to state court. 28 U.S.C. 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action...." The court should "balance the equities to make [this] determination." *Schur*, 577 F.3d at 759.

Here, that process yields the conclusion that Barnett's joinder is appropriate. Securitas' central argument against Barnett's addition is that "the joinder is intended solely to defeat federal diversity jurisdiction" (Doc. 25, p. 4). Securitas also argues that "Plaintiff's timing in bringing the claim against Barnett … is suspect," and Plaintiff will not be prejudiced if Barnett is not part of this suit, "because he can still sue Barnett in state court" (*id.*). The Court rejects each of these arguments.

First, the record contains no evidence that Barnett's presence in the case is a contrivance with the sole purpose of defeating federal jurisdiction. Securitas presents nothing to support its contention of inappropriate motive, offering only that it knows of "no other reasonable explanation" for adding Barnett (Doc. 29, p. 6). But Hill may have meritorious tort claims against Barnett. The amended complaint alleges assault and battery claims against Barnett for an attack which occurred at work, and that very attack by Barnett forms the basis for (or is closely related to) every other claim in the lawsuit, e.g., claims against Securitas for negligently hiring Barnett, against Grant for negligently supervising and training Barnett, and against Securitas for discharging Hill in retaliation for Hill reporting Barnett's attack.[2]

---

[2] Bearing note is the fact that Count VI alleges that Barnett himself owed a duty of reasonable care to Plaintiff Hill and breached that duty by striking Hill repeatedly with his fists, causing extensive physical injuries and emotional trauma. *See Schur*, 577 F.3d at 765-66 (discussing tort liability of an agent to third party harmed by the agent's conduct when the agent breaches an independent duty owed to the third party, as opposed to a principal's vicarious

6

Next, the Court finds nothing suspicious or objectionable in the timing of the requested amendment. Plaintiff filed suit in Madison County Circuit Court on July 10, 2009, Defendant Securitas was served on July 29, 2009, and Plaintiff moved for leave to add Barnett on September 14, 2009. Barely two months passed (from the commencement of the suit) before amendment was sought. This can hardly be characterized as foot-dragging by Plaintiff's counsel. Nor is this a situation in which a long period of discovery and motion practice elapsed before leave was sought to add a defendant. Put simply, the September 14, 2009 request for leave to amend was timely.

Furthermore, Plaintiff *will* be prejudiced if forced to litigate two separate suits in two separate fora, one against Barnett in state court and another against Grant and Securitas in federal court, all arising out of the same workplace altercation and employment discharge. Discovery quite obviously will be intertwined and overlapping, motions would be duplicated, costs would be unnecessarily incurred, and judicial economy would be not be promoted by this approach.

C. Conclusion

Having carefully scrutinized the record before it, weighed the relevant factors and balanced the equities, the Court concludes that the joinder of Barnett is appropriate. Barnett is an Illinois citizen, and the parties are not completely diverse.

---

liability for the acts of its agent).

28 U.S.C. 1447(e) mandates that this action be remanded to state court. Accordingly, the Court **GRANTS** Plaintiff's September 24, 2009 remand motion (Doc. 18) and **REMANDS** this case to the Circuit Court of Madison County, Illinois.

    IT IS SO ORDERED.

    DATED: December 3, 2009.

                                      s/Michael J. Reagan
                                      Michael J. Reagan
                                      United States District Judge